UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES JAY BRADLEY,

                              Plaintiff,

                                                                          9:10-CV-1447
        v.                                                                    (TJM/DEP)

STEPHEN N. BAKER, ESQ., Legal Aid Attorney,

                              Defendant.

---

APPEARANCES:

JAMES JAY BRADLEY
06-A-4210
Plaintiff, *pro se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

THOMAS J. McAVOY
Senior U.S. District Judge

## DECISION and ORDER

**I.    Introduction**

      Plaintiff James J. Bradley commenced this civil rights action in December, 2010. Dkt. No. 1. By Decision and Order filed March 1, 2011, following review of the complaint in accordance with 28 U.S.C. § 1915(e), this Court determined that the complaint failed to state a claim upon which relief could be granted and that it was, therefore, subject to dismissal. Dkt. No. 6 (the "March Order").[1] In light of his *pro se* status, plaintiff was afforded the opportunity to

---

[1] Plaintiff's application for *in forma pauperis* status was granted.

3

file an amended complaint against defendant Baker. *Id*. at 5-7.[2]

Plaintiff's amended complaint is before the Court for review. Dkt. No. 7. Upon due consideration, and for the reasons set forth below, the Court finds that the amended complaint fails to state a claim upon which relief may be granted by this Court. Accordingly, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e).

**II.     Discussion**

   **A. Plaintiff's original complaint and the March Order**

The original complaint in this action was completed on the form made available to litigants seeking to pursue claims arising under 42 U.S.C. § 1983. *See generally* Dkt. No. 1.[3] As discussed in the March Order, the complaint alleged that defendant Baker, identified as a "legal aid attorney," was "responsible for leading a corpret [sic] mental health fraud scandal causing plaintiff incarceration, lost [sic] of parental rights, and V.A. benefits." *See* Dkt. No. 1 at 1.[4] Plaintiff further alleged that defendant Baker "failed to release childhood survivors benefit claim file to Mark Gimpel, Esq., so beneficiary couldn't have access to factorally litigate, twenty year

---

   [2] The complaint was dismissed with prejudice against defendants Clinton County Supreme Court Justice Patrick R. McGill, and Clinton County Family Court Judge Timothy J. Lawlist based upon the doctrine of judicial immunity. Dkt. No. 6 at 14. Tanisha Ruth Pelkey, named in the caption as an additional plaintiff, did not sign the complaint or comply with the filing fee requirements, and was terminated as a party. *Id*. at 13.

   [3] In addition to the complaint, plaintiff filed an unsigned supplemental submission in which he complained about instances of misconduct by corrections and medical/mental health staff at Clinton Correctional Facility in December, 2010. *See* Dkt. No. 4.

   [4] As noted in the March Order, Baker was also a defendant in prior action brought by plaintiff in this District, *Bradley v. Doughthat*, 9:07-CV-0784 (DNH/GJD). In his complaint in that action, plaintiff alleged that Baker committed fraud "in rearranging paperwork" and in failing to file appeal papers. *Id*., Dkt. No. 1 at 4. Plaintiff subsequently requested that the action be dismissed "as it sets the stage for abnormal thinking, (unnatural) (strange) out of the normal." *Id*., Dkt. No. 9.

disability award." *Id*. at 4.

In light of plaintiff's *pro se* status, the Court examined the complaint carefully to determine whether a basis existed for this Court's exercise of jurisdiction over his claims, but was not able to discern either a factual or legal basis for this action. Significantly, plaintiff did not allege any nexus between the State of New York and the challenged actions of defendant Baker (who appeared to have had some involvement in a state court proceeding involving plaintiff and/or Pelkey), sufficient to demonstrate that Baker was a state actor for purposes of liability under 42 U.S.C. § 1983. Dkt. No. 1 at 4.

### B. Plaintiff's Amended Complaint

The amended complaint submitted by plaintiff in response to the March Order names several defendants in addition to Baker. Like the original complaint, the amended complaint is disjointed and difficult to comprehend.[5] As against Baker, plaintiff alleges that in 2003, his case manager at Behavioral Health Sciences in Plattsburgh, NY, hired Baker to file a social security claim on plaintiff's behalf. Dkt. No. 7 at 4.[6] Plaintiff seeks an order of this Court directing Baker "to release all childhood survivors checks and award by final hearing judge, or at least his complete . . . ." *Id*. at 6 (sentence incomplete in the original).

Upon review, and with due regard for plaintiff's status as a *pro se* litigant, the Court finds that plaintiff has not cured the pleading deficiencies identified in the March Order. The amended

---

[5] Plaintiff has completed the form inmate civil rights complaint, and has also written extensive "Notes" in the margins of the pleading.

[6] According to the complaint, the presiding judge ruled that a "responsible adult" had to manage the award granted to plaintiff due to plaintiff's "drug abuse history, mental health history." *Id*. Plaintiff states that he resided at the "MICA Halfway House for [Schizophrenia]" at that time. *Id*.

5

complaint does not set forth any allegations of fact which even suggest that Baker was a "state actor" for purposes of liability pursuant to 42 U.S.C. § 1983, nor has plaintiff identified any acts of misconduct or wrongdoing which might form the basis of a cognizable claim against him.

The Court has also considered whether the amended complaint states a claim against one or more of the other individuals named as defendants in that pleading. Plaintiff names Marti Amelia, identified as an "Intensive Case Manager" at Behavioral Health Sciences, as a defendant. In addition to being the person who allegedly hired attorney Baker in 2003, plaintiff alleges that Amelia falsified plaintiff's "discharge summary" in October, 2004. Dkt. No. 7 at 4-5. Also named as a defendant is Denise Burnell. Plaintiff alleges that in August, 2009, Burnell "told Grace land accounts to take $50.00 dollars from account." *Id*. at 5. As against defendant "Ms. Matima, Coxsackie Sike [sic] Official," plaintiff alleges that in 2006 she was involved in a "4 day hold over, filing false suicide report, which transferred cliamant [sic] in harms way. . . ." *Id*. at 5. Lastly, plaintiff names "John Doe Officer, 500 pounds estimated" as a defendant, and claims that this officer kicked him in the ankle. *Id*.

Upon review, the Court finds that the amended complaint does not include "enough facts to state a claim to relief that is plausible on its face," against any of these defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). With regard to defendant Amelia, there are no facts which even suggest that she is a state actor for purposes of section 1983. In addition, any claims plaintiff might have against defendants Amelia and Matima appear to be barred by the three year limitations period for section 1983 claims. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995) (the "applicable statute of limitations for section 1983 actions arising in New York requires claims to be brought within three years."). Plaintiff's claims against

Burnell and Doe are not supported by facts sufficient to allow this Court to find that the allegations, even if true, state cognizable claims for the violation of plaintiff's constitutional rights.[7]

Based upon the foregoing, the Court finds that the amended complaint submitted by plaintiff in response to the March Order fails to state a claim upon which relief may be granted against defendant Baker, or against any of the other individuals named as defendants in that pleading. Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

WHEREFORE, in light of the foregoing, it is hereby

ORDERED, that due to plaintiff's failure to file an amended complaint which states a claim upon which relief may be granted by this Court, this action is **dismissed** without **prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Date: July 27 , 2011

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[7] Assuming, *arguendo*, that plaintiff claims that Burnell misappropriated or otherwise acted improperly with respect to his funds, the Supreme Court has held that even intentional destruction of prisoner's property may not be the basis for constitutional claims if sufficient post deprivation remedies are available to address the claim. *Hudson v. Palmer,* 468 U.S. 517, 531 (1984) (citing *Parratt v. Taylor,* 451 U.S. 527, 541(1981)). To validly assert a violation of the Eighth Amendment through the use of excessive force, an inmate must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillan*, 503 U.S. 1, 8 (1992)).